UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL O'NEAL ECCLES,
    Petitioner

    v.

TABB BICKELL, *et al.*,
    Respondents

CIVIL NO. 1:13-CV-1046

(Judge Caldwell)

# M E M O R A N D U M

## I.   *Introduction*

On April 16, 2013, Michael O'Neal Eccles filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges his 2010 conviction in the Court of Common Pleas of Adams County, Pennsylvania, for robbery and conspiracy to commit robbery, after a plea of guilty. Petitioner has also filed a motion (Doc. 2) to proceed *in forma pauperis* and a motion (Doc. 3) to stay these proceedings.

We will grant Eccles' motion to proceed *in forma pauperis* but deny his motion to stay. We will also dismiss this petition without prejudice since Eccles had not yet exhausted his state-court remedies.

## II.   *Background*

We base this background on the dockets from the common pleas and appellate courts, the 2254 petition, and the motion to stay.[1]

On May 24, 2010, Eccles pled guilty to conspiracy to commit robbery and making a threat of immediate serious injury. On the same day, he was sentenced to eight

---

[1] The docket sheets can be found via Pennsylvania's Unified Judicial System website located at http://ujsportal.pacourts.us.

to sixteen years in prison. He did not file a direct appeal. *Commonwealth v. Eccles*, CP-01-CR-0000079-2010 (Court of Common Pleas- Adams Cnty.).

On April 21, 2011, Eccles filed with the trial court a pro se petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. Ann. §§ 9541-9546. (*Id.*). On April 20, 2012, the court denied the PCRA petition. On May 10, 2012, Eccles filed a timely appeal to the Pennsylvania Superior Court. *Commonwealth v. Eccles*, 891 MDA 2012 (Pa. Super.). On December 5, 2012, the superior court affirmed the denial of Eccles' PCRA petition. On January 2, 2013, Eccles filed a timely petition for allowance of appeal with the Pennsylvania Supreme Court. *Commonwealth v. Eccles*, 44 MAL 2013 (Pa.). That petition is still pending. (*Id.*).

III. *Discussion*

A 2254 petitioner must have exhausted his state-court remedies before a federal court can grant relief. *See Rolan v. Coleman*, 680 F.3d 311, 317 (3d Cir. 2012)("Title 28 U.S.C. § 2254 requires that a habeas petitioner exhaust the remedies available in the state courts before a federal court can exercise habeas corpus jurisdiction over his claim."). Generally, if state-court remedies have not been exhausted, the district court must dismiss the petition. *Roman v. DiGuglielmo*, 675 F.3d 204, 209 (3d Cir. 2012).

Eccles recognizes that he has not exhausted his state-court remedies, and he realizes the significance of the fact that his petition for allowance of appeal is still pending in the state supreme court. He nonetheless filed his 2254 petition because he fears that one filed later may be barred by the one-year statute of limitations for 2254 petitions, 28 U.S.C. § 2244(d)(1), if the supreme court denies him further appellate review,

-2-

and he does not receive a copy of its order doing so until the limitations period has run. He has thus protectively filed his 2254 petition, and asks the court to stay the petition until the supreme court decides his petition for allowance of appeal.

We have the authority to stay a 2254 petition while the petitioner exhausts state-court remedies. *Heleva v. Brooks*, 581 F.3d 187, 191 (3d Cir. 2009). To obtain a stay, the petitioner must show "'good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" *Id.* at 190 (quoting *Rhines v. Weber*, 544 U.S. 269, 278, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005)).

We will not grant the stay because Petitioner has failed to show good cause for his failure to exhaust before he filed his 2254 petition. Petitioner asserts he has good cause because if the state supreme court denies his petition for allowance of appeal, he may not receive notice of the order in time before the statute of limitations runs to file another 2254 petition. (Doc. 3, Mot. to stay ¶ 5).

Good cause may be shown if the amount of time left in the limitations period creates the risk that a petitioner may not be able to file a timely 2254 petition after exhaustion of state-court remedies. *Id.* at 192 n.3; *Gerber v. Varano*, ___ F. App'x ___, ___, 2013 WL 341470, at *3 (3d Cir. 2013)(nonprecedential). However, here Petitioner has ample time to file a 2254 petition once the Pennsylvania Supreme Court resolves his petition.

The one-year period for filing a 2254 petition begins to run from the date the petitioner's conviction becomes final, defined for our purposes in 28 U.S.C. § 2244(d)(1)(A) as "the date on which the judgment became final by the conclusion of direct

-3-

review or the expiration of the time for seeking such review." Thus the limitations period began to run for Petitioner on June 23, 2010, because this was the date his conviction became final, the expiration of the thirty-day period he had to file an appeal from the imposition of sentence on May 24, 2010.[2] The period ran for 302 days but stopped running on April 21, 2011, the date Petitioner filed his PCRA petition in the trial court. 28 U.S.C. § 2244(d)(2)("The time during which a properly filed application for State post-conviction relief . . . with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). The limitations period remains tolled while Petitioner's properly filed appeal is pending in the state supreme court and will only begin running again if the state supreme court rejects his petition for allowance of appeal. This means that Petitioner still has sixty-three days left to file a 2254 petition after the supreme court denies his appeal, sufficient time for filing.

Since we have decided not to grant a stay, and since the petition presents unexhausted claims, we will dismiss the petition, but without prejudice to filing another one after Petitioner has exhausted his state-court remedies.

IV. *Conclusion*

We will issue an order dismissing the § 2254 petition without prejudice. We will also deny a certificate of appealability, based on the above analysis. However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his petition, see 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a

---

[2] The sentence was not entered on the docket until June 3, 2010, but the appeal period begins to run from the date the sentence is imposed. *Commonwealth v. Green*, 862 A.2d 613, 616, 618 (Pa. Super. Ct. 2004)(en banc).

certificate of appealability does not prevent him from doing so, as long as he also seeks, and obtains, a certificate of appealability from the court of appeals. See Federal Rule of Appellate Procedure 22; Local Rule of Appellate Procedure 22.1.

    We will issue an appropriate order.

                  /s/ William W. Caldwell
                  William W. Caldwell
                  United States District Judge

Date: May 9, 2013

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL O'NEAL ECCLES, :
    Petitioner :
  : CIVIL NO. 1:13-CV-1046
  v. :
  : (Judge Caldwell)
TABB BICKELL, *et al.*, :
    Respondents :

*O R D E R*

AND NOW, this 9th day of May, 2013, it is ORDERED that:

1. Petitioner's Motion (Doc. 2) for leave to proceed *in forma pauperis* is construed as a motion to proceed without full prepayment of fees and costs, and is granted.

2. Petitioner's Motion (Doc. 3) to Stay is denied.

3. The petition under 28 U.S.C. § 2254 is dismissed without prejudice for failure to exhaust state-court remedies.

4. A certificate of appealability is denied.

5. The Clerk of Court shall close this file.

        /s/ William W. Caldwell
        William W. Caldwell
        United States District Judge